O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJOHN L. MITCHELL,<br><br>        Petitioner,<br><br>     v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. SA CV 16-0095 DSF (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.

## INTRODUCTION

On January 21, 2016, petitioner DeJohn L. Mitchell ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.]  However, Petitioner has failed to exhaust his state court remedies. Accordingly, and for the reasons discussed below, the Court dismisses the Petition without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

## II

## STATE COURT PROCEEDINGS

In September 2015, Petitioner suffered a conviction in state court. (Pet. at 2.)  In December 2015, Petitioner was sentenced to state imprisonment for his crimes.  (*Id.*)

1

In January 2016, Petitioner appealed his conviction to the California Court of Appeal. (*Id.* at 20.) That appeal remains pending. *See* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=43&doc_id=2130497&doc_no=G053043; *see also Porter v. Ollison*, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) (taking judicial notice of state court docket and filings). Petitioner has not yet filed a petition for review with the California Supreme Court. *See id.*

## III.

## DISCUSSION

As a rule, a state prisoner must exhaust state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotation marks omitted). Specifically, "[a] state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court." *Royal v. Davey*, 2014 WL 3791164, at *2 (C.D. Cal. July 31, 2014).

Here, the Petition is completely unexhausted, and thus subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust.").

Petitioner is advised that the Court's dismissal of his Petition is *without prejudice*. If Petitioner wishes to pursue federal habeas relief, he may file a new federal habeas petition *after* he has "fairly presented" his claims to the California Supreme Court. *Royal*, 2014 WL 3791164, at *2.

Petitioner is further advised that there is a one-year statute of limitations on federal habeas claims by a petitioner in state custody, which ordinarily begins to run at the end of the period during which that petitioner may seek direct review. 28 U.S.C.

§ 2244(d)(1); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court"). The limitations period is tolled while a properly filed application for state post-conviction relief, or other collateral review (such as a state habeas petition), is pending. 28 U.S.C. § 2244(d). However, the limitations period is not tolled while a petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## IV.
## CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

## V.
## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: 2/1/16                              _____

              HON. DALE S. FISCHER
              UNITED STATES DISTRICT JUDGE